E-FILED
Tuesday, 18 November, 2025  01:05:30 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| SHARRON L. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25-cv-2169 |
| v. ) | |
| ) | Judge Jonathan E. Hawley |
| OFC. DEMETRIUS D. WILLIAMS, #5498, ) | |
| OFC. MIKAYLA M. COLE, #9763, ) | Magistrate Judge Ronald L. Hanna |
| SGT. CHRISTOPHER M. BENOIT, #2165, ) | |
| and the CITY OF KANKAKEE, as a ) | |
| municipal corporation, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. | |

## HIPAA QUALIFIED PROTECTIVE ORDER

THIS MATTER COMING ON TO BE HEARD on the Unopposed Motion of Defendants, due notice having been given and the Court being fully advised in the premises:

IT IS HEREBY ORDERED:

1. The current parties, their attorneys, and future parties and their attorneys are hereby authorized to receive, subpoena, and transmit protected health information pertaining to Plaintiff to the extent and subject to the conditions outlined herein.

2. For the purposes of this Qualified Protective Order, "protected health information" or "PHI" shall have the same definition as set forth in 45 CFR 164.501, which includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for care provided to an individual which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 CFR 164.103) are hereby authorized to disclose PHI pertaining to Plaintiff to all attorneys now of record in this matter or who may become of record in the future in this litigation. This authorization extends to any and all mental health records, psychological and psychiatric records and records otherwise containing sensitive information related to mental health.

4. The parties and their attorneys shall be permitted to use the PHI of Plaintiff, in any manner which is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms

**EXHIBIT B**

(attorneys, support staff, and agents), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and any other entity involved in this litigation.

       5.      Prior to disclosing Plaintiff's protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiff's protected health information do not use or disclose such information for any purpose other than this litigation.

       6.      Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Plaintiff's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Plaintiff except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

       7.      This Order shall not control or limit the use of PHI pertaining to Plaintiff which any party or any party's attorney receives from a source other than a covered entity.

       8.      Nothing in this Order authorizes counsel to obtain medical records or information through a means other than formal discovery requests, subpoena depositions, via patient authorizations, or through attorney-client communications.  Similarly, nothing in this Order relieves any party from complying with the requirements of the AIDS Confidentiality Act, 410 ILCS 305/1, et seq.  42 USC 290dd–3 and 290ee–3 and 42 CFR Part 2.

IT IS SO ORDERED THIS __17th__ DAY OF __November__, 2025.

Entered:

_____
Ronald L. Hanna
United States Magistrate Judge