E-FILED
Thursday, 20 August, 2026 03:42:48 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

SHARRON L. GREEN,
Plaintiff,

v.

DEMETRIUS D. WILLIAMS, *et al*,
Defendant.

Case No. 2:25-cv-2169

**Order**

Now before the Court is the Defendants' Motion for Rule 11 Sanctions (D. 24).[1] For the reasons set forth below, the Defendants' Motion is granted.

**I**

The Defendants filed the pending Motion on July 28, 2026. (D. 24). The Plaintiff has not filed a response. The Court entered a Text Order that identified the Plaintiff's failure to respond, and indicated that the Court is prepared to rule by default. (D. 25). The Plaintiff has not filed a response or otherwise interacted with that Text Order. The Motion is therefore ripe for disposition.

**II**

This case centers on the Plaintiff's allegations that he was subject to a false arrest. Specifically, the Plaintiff alleges that on June 30, 2023, he was arrested and processed by City of Kankakee police officer, Defendant-Williams ("the First Arrest"). Later that day, the Plaintiff was shopping at a Walgreens. He alleges that, at that Walgreens, Officer Williams asked the Plaintiff for identification "despite knowing exactly who he was per his earlier arrest made on the same day." (D. 1 at

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

ECF p. 2). After the Plaintiff allegedly declined to provide identification, Defendants Cole and Benoit arrived on the scene and, along with Officer Williams, seized and arrested the Plaintiff ("the Second Arrest"). The Plaintiff alleges that this seizure and arrest was unlawful, and is based on nothing more than the fact that Officer Williams recognized the Plaintiff from his earlier arrest.

In the pending Motion, the Defendants reveal that, after a "reasonable investigation", they learned that the Plaintiff "had not been arrested earlier on June 30, 2023." (D. 24 at ECF p. 2). Rather, the Plaintiff had been arrested on June 29, 2023—and not by the City of Kankakee, nor by Defendant-Officer Williams. Yet the Plaintiff's Complaint and discovery responses indicate that the City of Kankakee (and specifically Officer Williams) facilitated the First Arrest, before then administering the Second Arrest that same day. Moreover, the First Arrest serves as the basis for the Plaintiff's claim that Officer Williams arrested the Plaintiff a second time based only on recognizing him from the First Arrest.

When the Defendants provided the Plaintiff's counsel with the results of their factual investigation, the Plaintiff's counsel withdrew from this litigation. But the Plaintiff has not withdrawn his case, despite the apparent factual inconsistencies. Thus, the Defendants now move under Rule 11 to dismiss this case with prejudice, given that the Plaintiff offers "no factual basis" to "support[ ] his allegation that any Defendant knew his identity from a prior arrest." (D. 24 at ECF p. 3).

**III**

"The failure of an attorney to make an objectively reasonable investigation of the facts underlying a claim of the applicable law justifies the imposition of Rule 11 sanctions." *Schaffer v. Chicago Police Officers*, 120 F.R.D. 514, 516 (N.D. Ill. 1988) (citing *In re Ronco, Inc.*, 835 F.2d 212, 217 (7th Cir. 1988)). Moreover, "[p]ro se

plaintiffs also have a duty to investigate the factual basis of their lawsuit." *Id.* (citing *Shrock v. Altru Nurses Registry*, 810 F.2d 658, 661–62 (7th Cir. 1987)).

Here, the Defendants' investigation revealed that the Plaintiff's Complaint is incompatible with readily available police records. Specifically, in direct contradiction with the Plaintiff's Complaint, the Defendants' investigation revealed that Defendant-Williams and the City of Kankakee did *not* administer the First Arrest. The Plaintiff, meanwhile, has not even filed a response to the pending Motion. Given the lack of opposition, the Court has no reason to discredit the results of the Defendants' investigation and its impact on this litigation. Based on the record before us, the Plaintiff has plainly "fail[ed] to make a reasonable inquiry into both the factual and legal basis for the claim he asserts." *Brown v. Nat'l Bd. of Med. Examiners*, 800 F.2d 168, 172 (7th Cir. 1986). Accordingly, Rule 11 has been violated.

Given the Rule 11 violation, the Court now must determine the appropriate sanction. Here, dismissal is appropriate. The Defendants' investigation directly undermines the Plaintiff's Amended Complaint. If Officer Williams and the City of Kankakee were not present for the First Arrest, then it is factually baseless that, at the time of the Second Arrest, Officer Williams "kn[ew] exactly who [the Plaintiff] was per his earlier arrest made on the same day." (D. 1 at ECF p. 2). The Plaintiff, meanwhile, has not filed a response or otherwise contested the veracity of the Defendants' investigation. Thus, because (1) the Plaintiff's pleading has run afoul of Rule 11, (2) the Plaintiff has made no effort to cure that violation, and (3) the results of the Defendants' uncontested investigation render this case baseless, the Plaintiff's case is dismissed. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990) ("It is now clear that the central purpose of Rule 11 is to deter baseless filings in district court ….").

**IV**

For the reasons set forth above, the Defendants' Motion for Rule 11 Sanctions (D. 24) is granted, and this case is dismissed without prejudice. If the Plaintiff, within fourteen days of this Order, can show cause as to why this case should be reopened in light of this Order, the Plaintiff may do so. Otherwise, this case will remain closed.

*It is so ordered.*

Entered on August 20, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE